## Louisville & Nashville Railroad Company v. Oman, et al.

(Decided September 29, 1915.)

### Appeal from Warren Circuit Court.

1. Bonds—Supersedeas—Jurisdiction—Interstate Commerce—Failure to Raise Question—Effect.—Where, in an action by plaintiffs to require a railroad company to receive and transport their freight over a spur track lying wholly within the State, no question of the jurisdiction of the court over the subject matter of the action was raised and final judgment was rendered in favor of plaintiffs,

it is too late, in an action on the bond by which the judgment was superseded, to show that the State court was without jurisdiction because the refused shipments were of an interstate character.

2. Bonds—Supersedeas—Jurisdiction—Supersedeas Bond—Interstate Commerce—Damages.—Where a party asked and obtained a mandatory injunction against a railroad company compelling it to receive and transport its freight over a spur track lying wholly within the state, and the judgment was superseded by the execution of a bond, the State court has jurisdiction of an action on the bond, notwithstanding the fact that the damages sought incidentally grew out of the refusal of the railroad company to receive and transport interstate shipments.

3. Limitation of Actions—Supersedeas Bond.—In an action on a supersedeas bond, the period of limitation is fifteen years.

CHARLES H. MOORMAN, SIMS & RODES and BENJ. D. WARFIELD for appellant.

W. B. GAINES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

John Oman, and others, brought this suit against the Louisville & Nashville Railroad Company to recover damages on a supersedeas bond. From a verdict and judgment in favor of ᵖlaintiffs for $1,000.00 the railroad company appeals.

The facts are these: In the year 1902, the Louisville & Nashville Railroad Company was operating a switch from the quarry of the Bedford-Bowling Green Stone Company to Memphis Junction, a distance of about three and one-half miles. In the early part of that year, John Oman, and others, brought suit against the Bedford-Bowling Green Stone Company and the Louisville & Nashville Railroad Company to restrain the Bedford-Bowling Green Stone Company from interfering with the right of plaintiffs to use the railroad switch and to compel the Louisville & Nashville Railroad Company to carry their stone from the end of said switch to Memphis Junction. The Warren Circuit Court granted an injunction against both defendants, and, on appeal to this court, the judgment was affirmed as to the Louisville & Nashville Railroad Company, but reversed as to the Bedford-Bowling Green Stone Company. Bedford-Bowling Green Stone Company, &c. v. Oman, &c., 115 Ky., 369. To suspend the judgment during the appeal the defendants, on July 5th, 1902, executed a supersedeas

bond in the sum of $1,000.00. The mandate of this Court, affirming the judgment as to the Louisville & Nashville Railroad Company, was filed in the Warren Circuit Court on November 21st, 1903. This action was brought to recover damages alleged to have been sustained by plaintiffs from July 5th, 1902, to November 21st, 1903, while the supersedeas bond was in effect. Plaintiffs' evidence tends to show that by reason of the railroad's refusal to receive and transport their freight, they were compelled to pay a large sum for transportation by wagon in excess of what it would have cost them to transport the freight over the switch or. spur track in question. On final hearing, the chancellor fixed the amount of damages at $1,723.70. He further held that plaintiffs were limited in their recovery to the amount of the bond, namely, $1,000.00, and rendered judgment accordingly. The chancellor further held that the five-years' statute of limitation, pleaded by the defendant in bar of the action, was not applicable to plaintiff's cause of action for damages on the bond.

Defendant asks a reversal on the following grounds: (1) The chancellor erred in sustaining a demurrer to the plea to the jurisdiction of the court over the action; (2) he erred in sustaining a demurrer to defendant's plea of limitation; (3) on the whole record there should have been a judgment in favor of defendant.

(1) In the answer pleading lack of jurisdiction, it is alleged that during the time complained of all the shipments of stone which the plaintiffs intended to make, and would have made, were interstate shipments. Under the proof taken in the case, it appears that the proposed shipments were interstate shipments between plaintiffs' quarry and Nashville, Tennessee. Defendant further sets out certain provisions of the Interstate Commerce Act of 1887 and of the amendments thereto, and pleads, in substance, that Congress had thereby assumed full and complete control over commerce between the States; that, under the provisions thereof, the Interstate Commerce Commission or United States Court alone had jurisdiction of matters affecting interstate commerce, and that the Warren Circuit Court was without jurisdiction to hear and determine the question of damages growing out of defendant's refusal to receive such interstate shipments. In this connection, it is argued that the original judgment is void and that the bond, by which it was superseded, is likewise void. It is further

insisted that it was not the policy of Congress to give the State courts concurrent jurisdiction with the Federal courts to award damages for which a common carrier might be liable under the provisions of the Interstate Commerce Act.

Whether or not if the point that the shipments were of an interstate character had been made in the original action the Warren circuit court would have had jurisdiction, we deem it unnecessary to determine. As the case was tried in that court, no question of jurisdiction was raised. The switch or spur track was only three and one-half miles in length and lay entirely within the state. The only question involved was the right of plaintiffs to have its shipments made over this track. As the case was tried, the court had jurisdiction, not only of the parties, but of the subject matter of the action. We think it clear that where the record affirmatively shows that the court has jurisdiction, not only of the parties, but of the subject matter of the action, and want of jurisdiction can be shown only by bringing to the attention of the court a fact, in regard to which the record is altogether silent, it is the duty of the litigant to raise the question of jurisdiction in the particular action and submit such fact to the consideration of the court. A party who was before the court and who made every possible defense, will not, under such circumstances, be permitted, after final judgment, to raise the question of jurisdiction by showing such extrinsic fact, either in an action to enforce the judgment or in an action on the bond by which the judgment was superseded. There is, therefore, no merit in the contention that the bond sued on is invalid because the judgment which it superseded is void.

Nor do we find any merit in the contention that the court, in the present action, was without jurisdiction because the damages claimed grew out of interstate shipments. Plaintiffs brought suit to enforce their right to have the defendant receive and transport their stone over the spur track in question. That right was determined by the final judgment and the railroad company compelled, by mandatory injunction, to perform the required service. That right was suspended by the execution of the supersedeas bond and during the pendency of the appeal plaintiffs were deprived of the benefits of that right. This is not an ordinary suit for damages growing out of failure to receive and transport interstate shipments. It is strictly a suit on a supersedeas bond, super-

seding a judgment which the court had the power to render. Being a suit on a supersedeas bond, by which plaintiffs' right to have their stone transported, regardless of its destination, was denied to them, the court had jurisdiction, notwithstanding the fact that the damages incidentally grew out of the refusal of the defendant to receive and transport, over the spur track, shipments of stone which, as a matter of fact, were destined to another state. It follows that the demurrer to defendant's plea to the jurisdiction was properly sustained.

As before stated, this is not an ordinary suit for damages. It is strictly a suit on a supersedeas bond, and by the express terms of the statute the period of limitation applicable to such an action is fifteen years. Kentucky Statutes 1915, Section 2514. The trial court did not err, therefore, in holding that the five-year statute did not apply.

After a careful examination of the record, we conclude that the evidence fully sustains the amount of the recovery fixed by the judgment.

Judgment affirmed.